UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLEY H.,[1]

                                                    Plaintiff,                  Case # 23-CV-0092-FPG

v.                                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                   Defendant.
_____

## INTRODUCTION

On July 23, 2020, Charley H. ("Plaintiff") protectively applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Matthew G. Levin (the "ALJ") on December 23, 2021. *Id*. At the hearing, Plaintiff appeared and testified, along with his attorney and a vocational expert. *Id*. On January 27, 2022, the ALJ issued an unfavorable decision. Tr. 29. On December 6, 2022, the Appeals Council denied review. Tr. 1. Plaintiff appealed directly to this Court on January 30, 2023.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 8. For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the SSA for further administrative proceedings consistent with this opinion.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6.

[3] This Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.      District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis added in *Brault*)).

**II.     Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC")

is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520 and 416.920(a).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments through the date last insured: "degenerative disc disease of the cervical and lumbar spine, traumatic brain injury, anxiety disorder, depressive disorder, alcohol use disorder." Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 18.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with specific postural limitations, Tr. 20, namely that Plaintiff "can frequently climb ramps and stairs and never climb ladders, ropes, or scaffolds. He can balance, kneel, crouch, and crawl on an unlimited basis. He can frequently stoop. He can frequently reach overhead bilaterally, to the front, and laterally. He should avoid exposure to hazards, such as unprotected heights. He can adapt to simple changes in the work routine." Tr. 20. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 27. At step five, the ALJ concluded that jobs existed in the national economy that Plaintiff could perform, such as "photocopy machine operator," "mail clerk," and "office helper." Tr. 28.

As such, the ALJ found that Plaintiff was not disabled from July 1, 2018 through the date of the ALJ's decision, July 23, 2020. *Id*.

## II.   Analysis

Plaintiff argues that the ALJ erred because he (i) failed to evaluate Plaintiff's somatic symptom disorder at step two and failed to make any finding as to how the disorder would impact Plaintiff's ability to perform work related functions, and (ii) failed to properly evaluate the opinion of consultative examiner Dr. Dave. ECF No. 7-1 at 10, 15. The Commissioner contends that (i) Plaintiff's somatic symptom disorder is not a medically determinable severe impairment and did not warrant any additional functional restrictions, and (ii) the ALJ crafted an RFC consistent with the record as a whole. *See* ECF No. 8-1 at 8, 11. For the reasons below, the Court concludes that remand is required under Plaintiff's second argument. Because the Court concludes remand is required under Plaintiff's second argument, the Court does not address Plaintiff's other arguments.

### A. Dr. Dave's Opinion

Plaintiff argues that the ALJ erred when evaluating the opinion of consultative examiner Dr. Dave because he did not apply the "consistency and supportability" factors during his discussion of the opinion, as is required. ECF No. 7-1 at 15. The Commissioner does not dispute or engage with this argument and instead contends that the ALJ's RFC determination was consistent with the record as a whole and supported by substantial evidence. ECF No. 8-1 at 11. For the reasons below, the Court agrees with Plaintiff.

"When determining a claimant's RFC, an ALJ must evaluate every medical opinion received, regardless of its source." *Brianne S. v. Comm'r of Soc. Sec.*, No. 19-CV-1718, 2021 WL 856909, at *2 (W.D.N.Y. March 8, 2021) (internal quotation marks and alterations omitted).

"Before an ALJ may deny a claimant's application, the ALJ must confront the evidence in the claimant's favor and explain why it was rejected." *Id*. (alterations omitted).

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." *Raymond M. v. Comm'r*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021). "According to the new regulations, the Commissioner will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Raymond M*., 2021 WL 706645, at *4 (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'" *Id.* (citing 20 C.F.R. §§ 404.1520c(a)-(c) and 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'" *Id*. (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)). However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion." *Id*. Among the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Id.* (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853). Accordingly, the ALJ "*will* explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. §§ 404.1520c(b)(2),

5

416.920c(b)(2) (emphasis added).  The ALJ may, but is not required to, explain how he considered the remaining three factors.  *Id*.

An ALJ's failure to explain the supportability and consistency of the medical opinions or prior administrative medical findings in the record is procedural error.  *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order).  However, if a searching review of the record assures a court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error.  *Id*. (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)) (alterations omitted).

The ALJ evaluated the medical opinion evidence in a detailed and comprehensive decision.  However, his failure to apply the consistency and supportability factors during his discussion of Dr. Dave's opinion amounted to harmful error, warranting remand.  In assigning "less than full persuasive value" to Dr. Dave's opinion that Plaintiff "may need to avoid unprotected heights and may have moderate limitations for repetitive turning of the head, jarring, heavy lifting, and carrying[,]" the ALJ stated that Dr. Dave "did not provide specific functional abilities and limitations, but instead identified moderate limitations in functioning."  Tr. 23.  Importantly, the ALJ did not discuss what Dr. Dave "used to support [his findings] and reach [his] ultimate conclusions."  *Ricky L. v. Comm'r of Soc. Sec.*, No. 20-CV-7102, 2022 WL 2306965, at *3 (W.D.N.Y. June 27, 2022); *see* Tr. 23 (absence of supportability factor).  As a result, the ALJ failed to properly discuss the supportability factor.  *See Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502, 2021 WL 363682, at *14-15 (S.D.N.Y. Jan. 29, 2021).  The ALJ likewise failed to discuss the consistency factor.  *See* Tr. 23 (absence of consistency factor).  Other than a brief mention of Dr. Dave's finding that Plaintiff had moderate limitations in functioning, "[t]he ALJ provided no substantive explanation" for his conclusion that Dr. Dave's opinion was less than fully

persuasive. *Raymond M.*, 2021 WL 706645, at *8.  Accordingly, the ALJ committed procedural error by failing to explain how he considered the supportability and consistency of Dr. Dave's medical findings.  *See Loucks*, 2022 WL 218293, at *2.

Despite the ALJ's procedural error, the Court may affirm if "a searching review of the record assures it that the substance of the regulation has not been traversed." *Loucks*, 2022 WL 2189293, at *2 (internal quotation marks omitted).  The Court cannot reach such a conclusion here, however.  The ALJ appeared to discount Dr. Dave's opinion primarily because it was inconsistent with the opinions of state agency consultants Drs. Lawrence and Koenig, *see* Tr. 23 ("the prior administrative findings [of Drs. Lawrence and Koenig] are consistent with the evidence of record in its entirety"), but the ALJ did not specifically state how persuasive he found those opinions in his decision, nor explain how Dr. Dave's opinion may be inconsistent with the record as a whole, and, still, did not expressly address the supportability of Dr. Dave's opinion.  That is, even assuming the ALJ properly concluded that Dr. Dave's opinion was inconsistent with the consultative examiners' opinions, and that conclusion amounted to an adequate application of the consistency factor, the ALJ's discussion of the supportability factor is wanting.  And while state agency consultative opinions, such as those provided by Drs. Lawrence and Koenig, can constitute substantial evidence in support of an ALJ's findings, *see Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995), the ALJ's inadequate explanation of the consistency and supportability factors with respect to Dr. Dave's opinion does not enable the Court to "glean" from his decision the reasons for rejecting Dr. Dave's findings in favor of those findings.  *Cf. Ricky L.*, 2022 WL 2306965, at *4 (remand not warranted where other portions of ALJ's decision made clear how ALJ considered supportability and consistency of opinion).

7

Accordingly, the Court concludes that remand is required. On remand, the ALJ should explicitly discuss the supportability and consistency of Dr. Dave's opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 7, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 8, is DENIED, and this matter is REMANDED to the SSA for further administrative proceedings consistent with this opinion. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 23, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York