UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLEY H.,

                                        Plaintiff,

                                                                           Case # 23-CV-92-FPG

v.

                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

       On January 23, 2024, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter to the Commissioner for further proceedings. ECF No. 12. Specifically, the Court concluded that the ALJ had erroneously failed to discuss the consistency and supportability factors with respect to the opinion of consultative examiner Nikita Dave, M.D. ECF No. 12 at 6. The same day, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 13.

       On April 22, 2024, Plaintiff moved for $8,402.73 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 14. The Commissioner opposes Plaintiff's request. ECF No. 16. For the reasons that follow, Plaintiff's motion is GRANTED.

       Pursuant to EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." *Pamela M. v. Comm'r of Soc. Sec.*, No. 18-CV-842, 2021 WL 5410079, at *1 (W.D.N.Y. Nov. 19, 2021). "To be substantially justified, the government's position must have a reasonable basis both in law and fact—that is, the government must make a strong showing

1

that its action was justified to a degree that could satisfy a reasonable person." *Criscitello v. Kijakazi*, No. 21-1222-cv, 2022 WL 1510707, at *1 (2d Cir. May 13, 2022) (summary order) (internal citation and quotation marks omitted).  "A court reviewing the position of the United States looks to both the position taken by the United States in the civil action, and the action or failure to act by the agency upon which the civil action is based." *Id.* (internal quotation marks and brackets omitted).

The Commissioner argues that his position was substantially justified.  ECF No. 16 at 2. The Court disagrees.

An ALJ's failure to explain the supportability and consistency of a medical opinion in the record is procedural error.  *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order).  However, if a searching review of the record assures the court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error.  *Id.*  Thus, even if an ALJ fails to explicitly evaluate the consistency and supportability factors with respect to a particular medical opinion, remand is warranted only if the reviewing court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record."  *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982).  By contrast, if the reviewing court can "adequately 'glean' how the ALJ [implicitly] weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless.  *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

In this case, the ALJ's decision failed to conform to the relevant regulations because the ALJ failed to "apply the consistency and supportability factors during his discussion of Dr. Dave's opinion."  ECF No. 12 at 6.  On appeal, the Commissioner did not even "engage with this

argument"—either by disputing the existence of the procedural error or by showing that the substance of the regulation was not traversed. *Id.* at 4. Instead, the Commissioner proffered an alternative interpretation of Dr. Dave's opinion, under which it could be viewed as consistent with the ALJ's RFC. *See* ECF No. 8-1 at 22-23; *see also* ECF No. 16 at 9. But, as the Court previously noted, insofar as the ALJ did not clearly articulate how he interpreted and weighed Dr. Dave's opinion in light of the opinions of the state agency consultants, *see* ECF No. 12 at 7, the Commissioner's argument constitutes an improper *post hoc* rationalization. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.").

In his opposition memorandum, the Commissioner emphasizes that an ALJ's procedural errors may be reasonably defended on the basis that they were not "substantively harmful." ECF No. 16 at 7. That may be true as a general principle, but the position that the Commissioner took to defend the ALJ's procedural error in this case was not reasonable. Because the Commissioner has not made a "strong showing that [his] action was justified," *Criscitello*, 2022 WL 1510707, at *1, and has not argued that any special circumstances exist that would make an award unjust, an award of fees is appropriate.

The next question is whether the requested fees are reasonable. EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-CV-454, 2020 WL 858649, at *1 (D.

Conn. Feb. 21, 2020). "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id.* (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id.* (internal brackets omitted).

In this case, Plaintiff requests $8,402.73 in fees based on 34.3 hours of work, and the Court finds Plaintiff's calculations reasonable. *See* ECF No. 14-2 at 3. Therefore, Plaintiff's Motion for Attorney Fees (ECF No. 14) is GRANTED.[1] The Commissioner shall, subject to offset under the Treasury Offset Program, promptly pay $8,402.73 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: June 25, 2024
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] In his reply brief, Plaintiff requests an additional $1,429.28 for "time spent responding to [the Commissioner's] unfounded opposition." ECF No. 17 at 5. Because Plaintiff "has not provided any contemporaneous time records or supporting documentation to support [it]," that request is denied. *Patterson v. Comm'r of Soc. Sec.*, No. 20-CV-4591, 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021) (noting that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit").